644 A.2d 573

TOWNSHIP OF WASHINGTON, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. NEW JERSEY STATE POLICEMEN'S BENEVOLENT ASSOCIATION, INC., LOCAL 206, DEFENDANT–APPELLANT.

Argued January 3, 1994—Decided May 17, 1994.

*Leon B. Savetsky* argued the cause for appellant (*Loccke & Correia,* attorneys).

*Kenneth G. Poller* argued the cause for respondent.

*James R. Zazzali* argued the cause for *amicus curiae* New Jersey State Policemen's Benevolent Association (*Zazzali, Zazzali, Fagella & Nowak,* attorneys).

*Gerald L. Dorf* argued the cause for *amicus curiae* New Jersey State League of Municipalities.

*Robert E. Anderson* argued the cause for *amicus curiae* Public Employment Relations Commission.

*Stephen E. Trimboli* submitted a brief on behalf of *amicus curiae* New Jersey Association of Counties (*Genova Burns,* attorney).

The opinion of the Court was delivered by

POLLOCK, J.

Like the companion case, *Hillsdale PBA Local 207 v. Borough of Hillsdale,* 137 *N.J.* 71, 644 *A.2d* 564 (1994), this appeal questions the role that the factors in *N.J.S.A.* 34:13A–16g (section 16g) should play in a compulsory-interest-arbitration award. In their contract negotiations, defendant, New Jersey State Policemen's Benevolent Association, Inc., Local 206 (Local 206 or the PBA), and plaintiff, Township of Washington, could not agree on salary increases or on four non-economic issues involving payroll procedure, off-duty police services, maternity leave, and cardiac disability for the years 1991, 1992, and 1993. At the PBA's request, the Public Employment Relations Commission (PERC) appointed a

compulsory-interest arbitrator under that part of the Employer–Employee Relations Act commonly known as the Compulsory Interest Arbitration Act, *N.J.S.A.* 34:13A–14 to –21 (the Act).

The arbitrator chose the PBA's last offer, and the Chancery Division confirmed the award. When confirming the award, the Chancery Division noted that all that separated the parties' respective salary offers was the "nominal" difference of $30,000.00. The Appellate Division reversed and remanded to a new arbitrator. 263 *N.J.Super.* 163, 622 *A.*2d 872 (1993). We granted Local 206's petition for certification, 134 *N.J.* 478, 634 *A.*2d 525 (1993), and now modify and affirm.

Washington Township offered the following annual increases:

| | | | |
|---|---|---|---|
| July | 1, 1991 | 9% |
| July | 1, 1992 | 6% |
| January | 1, 1993 | 6%. |

Local 206 proposed semi-annual increases:

| | | | |
|---|---|---|---|
| July | 1, 1991 | 9% |
| January | 1, 1992 | 4% |
| July | 1, 1992 | 4% |
| January | 1, 1993 | 3% |
| July | 1, 1993 | 4%. |

As in the *Hillsdale* case, the parties disagreed on the basis for comparison. Washington Township urged that the comparable communities were the other municipalities in the "Pascack Ten." Local 206 argued that the comparison should be with communities in Bergen County as a whole. Among other things, Local 206 also argued that Washington Township could afford to pay the Local's last offer, which was only one percent higher than Washington Township's last offer.

The arbitrator rejected all of Local 206's non-economic proposals, except for the payroll procedure, and accepted its last offer on salary increases. After quoting the section 16g factors, the arbitrator noted that "[t]he difference between the parties' economic

positions is very small. [Local 206] argues that its offer is more reasonable because it more closely conforms with the terms and patterns of settlement among similarly situated Bergen County police officers." She continued:

> The PBA also presents a number of towns in which other arbitrators confronted by similar economic arguments have awarded increases in line with the PBA's offer. *If comparability is to be dispositive* then the patterns and trends of settlement in the county (and in the sector of the State) must be considered. (Emphasis added.)

The arbitrator placed on Washington Township the burden of proving that it could not pay Local 206's last offer. She concluded:

> On this record I conclude that the PBA's offer, which costs slightly more than the Township's, is more reasonable because it is closer to the rates and increases achieved in police units throughout the area. There is no showing that the Employer cannot afford to pay the 1% cost difference between the two officers [sic].

In confirming the award, the Chancery Division regarded the two dominant issues to be Washington Township's ability to pay and the comparability of police officer salaries in other municipalities. Deferring to the arbitrator's determination, the court stated:

> It certainly seems clear that there was a good deal of evidence presented and discussions about ability to pay. The other primary focus was indeed comparability and how the police salaries in Washington Township compared with other municipalities. There was the usual argument put forth by the two parties with conflicting views as to what are and are not comparable municipalities.
>
> I see no suggestion that there was any relevant information or relevant factors submitted to the arbitrator which were indeed ignored by her.
>
>     *   *   *   *   *   *   *   *
>
> If indeed there is a pattern whereby arbitrators normally, usually, maybe invariably conclude that comparability to other police units is the most significant factor before them, I am not prepared to say that that's not true. That's a determination which is charged to the responsibility of the arbitrator in any given case.
>
>     *   *   *   *   *   *   *   *
>
> In sum, the question of what is the decisive factor, whether it be comparability or something else, is something charged to the responsibility of the arbitrator. I believe it would be inappropriate for me to reverse this or any other determination based on my conclusion or anyone else's conclusions that undue weight was put on one rather than another factor.

The Appellate Division, in contrast, found that the award was not supported by substantial credible evidence, 263 *N.J.Super.* at 196, 622 *A.*2d 872, and that the arbitrator had not considered all of the section 16g factors, including the public interest and welfare, *id.* at 196–200, 622 *A.*2d 872.

■ The basic flaw in the award is that the analysis of the statutory factors is deficient. In sum, the award neither identifies and weighs the relevant factors nor explains why other factors are irrelevant. Indeed, the award implies that a comparative analysis of salary increases in similar communities is dispositive. Furthermore, the arbitrator improperly placed on Washington Township the burden of proving that it was unable to pay "the 1% cost difference between the two offers." Little purpose would be served by repeating all that we said in *Hillsdale* about the need for arbitrators to render reasoned opinions. Suffice it to say that instead of discussing the section 16g factors, the award simply relies on salary increases awarded in other communities and on Washington Township's perceived ability to pay the one-percent differential between its last offer and that of Local 206.

■ On April 27, 1991, the Chancery Division entered an order confirming the award and directing Washington Township "to fully comply with and implement" the award's provisions. Washington Township, however, did not implement the award. On June 25, 1992, it consented to an order enforcing litigant's rights, which provided in relevant part "that in the event [Washington Township] is successful with respect to its pending appeal, then all payments made by the [Township] pursuant hereto shall be readjusted pursuant to the outcome of further interest arbitration proceedings. . . ." After the entry of that order, the Township implemented the award and paid five of the six installments, but not the sixth, which accrued after the Appellate Division's judgment of March 17, 1993. The Township informs us that it has continued to pay salaries based on the first five increments. Notwithstanding the "nominal" difference that originally separated the parties and the payment of five of the six salary increases

to the police officers, the Township correctly contends that the consent order entitles it to seek readjustment of those payments from an arbitrator. Accordingly, we remand the matter to an arbitrator for that limited purpose. As in *Hillsdale,* we perceive no need for the matter to proceed before a different arbitrator.

As modified, the judgment of the Appellate Division is affirmed.

*For modification and affirmance*—Chief Justice WILENTZ, and CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—7.

*Opposed*—None.